### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CAROL J. GILLES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLEASANT HILL ELEMENTARY )<br>SCHOOL DISTRICT #69, )<br>)<br>Defendant. ) | Case No. 09-cv-1335 |

## O P I N I O N and O R D E R

Before the Court is the Motion to Dismiss filed by Defendant on May 10, 2010 (Doc. 11). For the reasons set forth below, the Motion is DENIED.

#### BACKGROUND

On October 1, 2009, Plaintiff filed a Complaint in which she alleges that she was discriminated against by Defendant, her employer, when her employment was terminated in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et. seq.* Plaintiff began her employment with Defendant in August, 2005 and, at the time of her termination on May 30, 2007, she was 60 years of age.

On October 13, 2009, this Court denied Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) and directed her to either pay the filing fee or submit a more detailed *in forma pauperis* petition. Plaintiff elected to pay the filing fee, which was lodged in this Court on October 19, 2009. In light of Plaintiff's *pro se* status, this Court reminded Plaintiff in an October 29, 2009 Order (Doc. 5) that it was her

responsibility to move this case forward in accordance with Federal Rule of Civil Procedure 4. On November 2, 2009, summons was issued by the Clerk. Neither a waiver of service nor an affidavit proving service were filed with the Court within the 120 day time limit for service provided by Rule 4(m).

On April 20, 2010, Magistrate Judge Gorman noted this deficiency and directed Plaintiff to file, on or before April 30, 2010, a statement of her efforts to serve Defendant. In a letter filed on April 23, 2010, Plaintiff states that she was not aware that she was required to serve summons, that she wishes to move forward with the case, and that she intends to serve summons via the Peoria County Sheriff. Thereafter, summons was returned executed, Defendant having been served on April 28, 2010.

Defendant filed and served on Plaintiff the Motion to Dismiss and memorandum on May 10, 2010 (Doc. 11). On that same day, the Clerk issued a notice informing Plaintiff of the Motion and advising her that she had 14 days to respond (Doc. 14). Instead of filing a response, Plaintiff authored a letter stating that she wants her case to be heard by a judge and jury (Doc. 15). On May 19, 2010, this Court again reminded Plaintiff that a response to the Motion to Dismiss was due on May 29, 2010. As of the date of this Order, no such response has been filed.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) provides for the filing of a motion challenging sufficiency of process. Once Defendant has challenged service of

process, Plaintiff bears the burden on proving that service was proper. *See Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003).

Service of process is governed by Federal Rule of Civil Procedure 4. The Rule provides, among other things, that the summons and Complaint must be served upon Defendant (unless service is waived), it must be served in one of the ways specified in the Rule, and it must be served within 120 days of the filing of a Complaint. In this case, service must be accomplished by a person who is at least 18 years old and by either following state law on service (in this case Illinois law), or by delivering a copy of the summons and Complaint to an agent of Defendant. FED.R.CIV.PRO. 4(c)(2) and 4(h)(1)(B). Service can be waived by Defendant if Plaintiff complies with the provisions of Rule 4(d) by, in part, notifying Defendant of the lawsuit in writing, providing a copy of the Complaint and waiver forms, informing Defendant of the consequences of waiving, and giving Defendant a reasonable opportunity to return the waiver. Rule 4(l) finally provides that proof of service must be made to the Court unless service is waived.

Plaintiff failed to timely serve Defendant. This lawsuit was filed on October 1, 2009 and Defendant was not served until April 26, 2010 -- 209 days later. Rule 4(m) provides that if Plaintiff does not serve Defendant within the 120 day time period, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time period." In addition, if Plaintiff is able to show "good cause" for the failure to serve Defendant, this Court must extend the time period for service of process. *Id.* It is clear that Plaintiff has

3

not shown good cause for the failure to serve Defendant. In her April 23, 2010 letter, Plaintiff claimed ignorance as to her responsibility to serve Defendant even though this Court had previously directed Plaintiff to the relevant Rule. Pro se litigants are entitled to a liberal construction of their pleadings; however, they are not "excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Therefore, this Court finds that Plaintiff failed to comply with Rule 4(m) and that her ignorance of the rule does not supply the necessary good cause for an extension of time.

However, this Court *may*, at its discretion, extend the time period for service even without a showing of good cause. *Henderson v. United States*, 517 U.S. 654, 662-662 (1996); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008); *Troxel v. Fedders of North America, Inc.*, 160 F.3d 381, 382-383 (7th Cir. 1998). The Court is mindful that it had previously directed Plaintiff to the relevant rule and that Plaintiff herself is presumably an educated person (being a special education teacher), capable of reading the Federal Rules and understanding their import. The Court also notes, however, that Defendant has not pointed out how it has been prejudiced by a two month delay in service of process. In addition, this matter is at the beginning stages of litigation and there is no showing that Plaintiff is behaving in a contumacious manner with the intent to unreasonably delay this matter. Dismissal of Plaintiff's lawsuit may foreclose Plaintiff's ability to prosecute her claim in light of the statute of limitations. Dismissal would only function, then, to delay this matter further and unnecessarily expend judicial resources. *See*

4

FED.R.CIV.PRO. 1 (stating that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Therefore, despite Plaintiff's failure to serve Defendant within the time period provided by Rule 4(m), the Complaint will not be dismissed at this time.

Plaintiff is WARNED however, that she must to follow the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's Order. Plaintiff should respond to Motions filed by Defendant by specifically addressing the arguments made in Defendant's memoranda. It is insufficient for Plaintiff to merely file "letters" directed to the Court. Failure to respond may result in the summary disposition of Motions. Plaintiff must also serve all documents filed with the Court upon Defendant. In the future, the Court may not be lenient in excusing Plaintiff's failure to follow Rules that are designed to ensure the orderly progression of federal lawsuits.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendant on May 10, 2010 (Doc. 11) is DENIED. This matter is REFERRED to the Magistrate Judge for further pretrial proceedings.

Entered this 8th day of June, 2010

s/ Joe B. McDade
JOE BILLY MCDADE
Senior United States District Judge