UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Carol Gilles,　　　　　　　　　　　　)
　　　　　　　Plaintiff　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　　　)　　　Case No. 09-1335
　　　　　　　　　　　　　　　　　　　)
Pleasant Hill Elementary School　　　　)
District #69,　　　　　　　　　　　　　)
　　　　　　　Defendant　　　　　　　)

**ORDER and OPINION**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the Defendant's motion for summary judgment (Doc.#29). As stated herein, the motion is GRANTED.

**INTRODUCTION**

Plaintiff in this matter is proceeding *pro se*, so her pleadings are entitled to more latitude than are those prepared by an attorney. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, she has no "general license to disregard clearly communicated court orders," Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir.1996), Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir.2008) or to refuse to comply with procedural requirements, Anderson v. Hardman, 241 F.3d 544, 545-46 (7th Cir.2001). *Pro se* plaintiffs must follow procedural rules and comply with court orders. McNeil v. United States, 508 U.S. 106, 113 (1993); Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir.2002). Their pleadings must present "cogent arguments," rather than just "generalized assertions," and supporting authorities are required. See, Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001).

1

The Local Rules of this court specify the form and content for all motions for summary judgment and responses and replies thereto. See, Local Rule CDIL 7.1D. The Seventh Circuit has repeatedly put their imprimatur on strict enforcement of local rules, sustaining entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts. See, Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994) (collecting cases). The factual statements required by such local rules "are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." See, e.g., Bell, Boyd & Lloyd, 896 F.2d at 1102-03; Schulz v. Serfilco, Ltd., 965 F.2d 516, 519 (7th Cir.1992).

Similarly, where the plaintiff failed to controvert the factual averments set forth in the defendants' own statements, to set forth the plaintiff's independent factual representations, or to point the court to the evidence in the record that supports the plaintiff's position on the disputed issues she has identified, summary judgment was found proper. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994).

As the Seventh Circuit has explained, "[D]istrict courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." Herman v. City of Chicago, 870 F.2d 400, 404 (7th Cir.1989). See also, Bell, Boyd & Lloyd v. Tapy, 896 F.2d 1101, 1103-04 (7th Cir.1990); L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc., 9 F.3d 561, 567 (7th Cir.1993).

**PROCEDURAL HISTORY**

On April 29, 2011, Defendant filed its motion for summary judgment in this suit brought under the Age Discrimination in Employment Act. This motion consists of an Introduction, 39 numbered paragraphs of Undisputed Facts, and 8 pages of Argument, setting forth the factual and legal bases for the motion. It argues for judgment on the following grounds: that Plaintiff's claims are barred by judicial estoppel; that her claims are moot because she has no cognizable damages; that discharge of the Plaintiff was within the Board's discretion; that there was no discrimination against Plaintiff; and that the basis for her discharge was not pretext but was legitimate and non-discriminatory.

Plaintiff received from the Clerk of this Court a Notice (Doc.#30) that the summary judgment motion had been filed. This Notice is sent by this Court to a *pro se* party whenever a dispositive motion has been filed. It explains the *pro se* party's obligation to respond in compliance with Fed.R.Civ.P. 56 and Local Rule 7.1D. The Notice states, "Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment."

On May 17, Plaintiff filed her response. It consisted of 30 pages of rambling, disorganized, stream-of-consciousness in defense of her case. It did not respond directly to either the facts or the law on which Defendant had relied. Defendant moved to strike that response, and the Court granted the motion, finding her response "incomplete, inconsistent, and lacking citation to admissible evidence". Her "narrative argument" was criticized for its lack of coherence. In its Order, the Court very carefully identified the ways in which her response was deficient. She was cautioned that she

could not submit or rely on evidence that had not been produced during discovery and that she had to provide citations to admissible evidence (and provide that evidence to the Court) if she contested Defendant's statement of undisputed fact. Finally, the Order reminded her that she must comport with the form and content set forth in Local Rule 7.1D, which was briefly explained to her. She was given leave to file an amended Response.

A second response was filed on June 17. That response was 147 pages long. It included a paragraph-by-paragraph response to the Defendant's statement of undisputed facts, but it was entirely without citation to the record. The remainder of her response, consisted largely of unfocused narrative. It failed to address the legal arguments made by Defendant in its motion. The Court struck that response. In addition, the Court directed the Clerk to send her a copy of this District's Local Rule 7.1D, which the Court believed would provide her with guidance as to what was expected n her response. She was given one additional opportunity to file a proper response. The Order very clearly directed Plaintiff to file a response that complied with the Order and with Local Rule 7.1D. She was cautioned that the Court would not consider a response that was not "substantially in compliance" with the Order.

That Response has now been filed. In its Reply, Defendant asserts once again that the Response falls far short of what was expected.

Plaintiff's 20 page response consists of the following:

1. a 2 page Introduction,
2. a 3 paragraph Section I that appears to be an explanation of 3 exhibits on which she relies, and a comment about a witness she intends to call.
3. a 4 paragraph Section II that is titled Additional Material Facts, which consists of a description of 4 exhibits on which she intends to rely;
4. a one-page document in the form of a letter without a heading, dated May 16, 2007, from plaintiff regarding something that happened on May 16, 2007. She describes this as a report to Administration concerning discipline in the school hallways. This

4

          is apparently one of the three exhibits referred to in (2) above..
5.     a one-page letter to the Principle/Supervisor of Pleasant Hill Elementary School from the EEOC District Director regarding plaintiff's EEOC charge. This is apparently one of the three exhibits referred to in (2) above.
6.     a two page document titled "Illinois Certification Testing System" showing plaintiff's test results. She asserts that this shows she was certified to teach Middle School. This is apparently one of the three exhibits referred to in (2) above.
7.     Section III Argument, which consists of a one page response to the Defendant's Argument, two pages of quotes taken from a professional magazine, and what appears to be a list of her exhibits with a description of them. These exhibits, however, were not submitted along with her Response.

As part of one of the stricken responses (Doc. #36-3), Plaintiff included many of her Exhibits. She appears in this most recent Response to be referring back to those exhibits. In the exercise of my discretion, I find that those Exhibits are a part of this most recent Response.

That finding, however, does not prevent me from considering whether these Exhibits are admissible and/or relevant, as they must be under Fed.R.Civ.P. 56. Defendant asserts (and Plaintiff does not dispute this assertion) that Plaintiff conducted no discovery in this case. Because Plaintiff does not dispute this assertion, it is presumed to be true. In the absence of proper foundation and compliance with Rules regarding discovery, these exhibits are not admissible.

The law is very clear: evidence that was not properly produced during discovery cannot be used to support or oppose summary judgment. See, Fed.R.Civ.P. 56(e). Plaintiff's arguments are, it appears, entirely unsupported by any evidence at all. That Rule permits me to give Plaintiff an opportunity to address the facts; I may instead consider the facts undisputed for purposes of the motion, or grant summary judgment if the motion is well taken, or issue any other appropriate order. Id. In this case, Plaintiff has already been given 3 opportunities to support her arguments with evidence and to provide evidence that refutes Defendant's assertions. No improvement has been shown. I am not obliged to search through her response looking for factual disputes or arguments

that she could have made, and I decline to do so. It is clear to me that additional opportunities would simply not result in a proper response, and in the exercise of my discretion I decline to provide a fourth opportunity. Instead, I will consider that the facts asserted by Defendant are undisputed, and I will consider the legal arguments presented in the motion in order to determine if they are well taken.

**FACTS**

Plaintiff Carol Gilles was born in 1947. For two school years (2005-2006 and 2006-2007) she was employed as a certified but non-tenured, special education teacher at the Pleasant Hill Elementary School in Peoria, Illinois. Her employment was pursuant to one year contracts which did not provide for annual renewals.

During the 2006-2007 school year, John Bute served as both Principal of the Elementary School and as Superintendent. In addition to Gilles, there were four other non-tenured teachers at the elementary school. They were 26, 28, 48 and 51 years of age; Gilles was 60 years old. There is no dispute that she was certified to teach.

In November of the 2006-2007 school year, Bute asserts that he spoke to Gilles about her "lack of professionalism toward staff and students." This conversation was precipitated, according to Bute, by Gilles' conduct at a faculty meeting, during which she raised her voice at one of the other teachers, made negative comments about the administrator, and demanded that a student - whom she viewed as overweight - not get second helpings at lunch.

During the first half of that school year (before the end of January), Gilles had missed what Bute viewed as an inordinate number of days of school. Bute and Gilles had a conversation about her absences. Bute pointed out to her that, on two of those absences, she had failed to leave a lesson

6

plan for the substitute teacher. One other absence had occurred on the day of parent-teacher conferences; her conferences had to be cancelled and re-scheduled. After the conversation, Bute sent Gilles a memo dated Jan. 31, 2007, summarizing the conversation. This memo read:

> This is a memorandum to follow-up on our conversation concerning: 1) attendance, 2) lesson plans and 3) parent/teacher conferences.
>
> To date you have missed over 10 days of school this year. While they may have been for legitimate excuses, these days have had a negative impact on the teaching and learning in your classroom. On more than one occasion, a substitute teacher has found no legitimate lesson plans or materials for your class. This is not acceptable professional behavior. The expectation is that a sub folder is available for emergency absences. This folder should contain materials and directions for an entire day of teaching and learning.
>
> Parent/teacher conferences, which were cancelled due to your absence, need to be made-up. Please provide me a schedule when this is corrected.

By the end of the school year, Gilles had been absent 15 days, including twelve sick days and three personal days. Two of the other non-tenured teachers had missed no days at all. One of them had missed two and a half sick days and three personal days, and the fourth had missed one and a half sick days.

According to Bute, all five of the non-tenured teachers received professional performance evaluations during 2007. These evaluations were based in part on classroom observation. Bute then completed a form with his findings. The other four non-tenured teachers received overall performance ratings of satisfactory; Gilles' overall rating was unsatisfactory.

During a school board meeting on March 21, 2007, the Board voted unanimously not to re-employ Gilles for the next school year. On that same date, the School District informed Gilles by letter that she would not be re-employed for the following school year. Her last day of employment was May 30, 2007.

During the school year 2007-2008, Gilles attempted to work as a substitute teacher, but she

7

testified that she was unable to sustain this employment due to various disabilities. In March 2008, she filed an application for Social Security Disability (SSD), alleging an onset date of May 31, 2007. In 2008 and again in 2009, she underwent psychological evaluations in conjunction with her SSD claims. In May 2009, the Social Security Administration found her disabled and unable to work as of May 31, 2007. Her disabilities were depression and dementia.

On August 28, 2007, Gilles filed a charge of age discrimination against the District. On July 28, 2009, she received her right-to-sue letter. This complaint was timely filed on Oct. 1, 2009.

> Defendant's motion for summary judgment raises three arguments, as follows:
> 1. She is judicially estopped from proceeding with this lawsuit because positions she took in the SSA proceedings are contradictory to the positions she is taking in this litigation;
> 2. The boards decision not to re-employ Plaintiff was discretionary because Plaintiff was non-tenured.
> 3. Because she failed to meet the District's legitimate expectations, the School District had legitimate reasons to terminate her employment; and
> 4. The reason given for termination was not pretextual.

**JUDICIAL ESTOPPEL**

A litigant is forbidden to obtain a victory on one ground and then repudiate that ground in a different case in order to win a second victory. Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1427 (7th Cir.1993). This equitable principle is known as the doctrine of judicial estoppel. This doctrine applies to proceedings in which the first victory is in an administrative proceeding while the second proceeding is judicial. Id.

The Supreme Court has held that receipt of social security disability benefits does not automatically disqualify a person from making a claim under the Americans with Disabilities Act. Cleveland v. Policy Mgt. Systems, Corp., 526 U.S. 795 (1999). The Court added, however, that contradictions are unacceptable; factual representations made to obtain those benefits may not be later denied. The Seventh Circuit has extended that holding to claims for ERISA benefits, Opsteen

v. Keller Structures, Inc., 408 F.3d 390, 392 (7th Cir. 2005).

Defendant argues that this lawsuit is based on the notion that Plaintiff was able to perform her job duties as of the date of her termination. This argument inappropriately juxtaposes the argument that she was meeting legitimate expectations with the estoppel argument, and to the extent that Defendant argues this entire litigation is estopped, the argument is rejected.

Defendant also argues, however, that Plaintiff's claim for back pay is estopped, because a claim for such damages can only succeed if Plaintiff was able to work after the date of her termination. Because she was found entirely disabled and unable to work beginning on the first day after her discharge was effective, her claim for back pay that is indeed estopped. Given the factual representations she made in her SSA proceedings, as well as the finding that resulted from those proceedings, Plaintiff is not entitled to back pay.

In her prayer for relief, Plaintiff seeks only 2 types of damages: back pay and "vindication to other school administrators who were told lies about my service and dependability." Defendant asserts that the latter form of damages is not available under the ADEA, citing Franzoni v. Hartmarx Corp., 300 F.3d 767 (7th Cir. 2002).

In Franzoni, the Court noted that under the ADEA, a plaintiff may recover monetary damages in the form of back pay and may also, under some circumstances, obtain equitable relief such as reinstatement or front pay. Where none of these remedies are available, claims for "a declaration that the person was wronged," are moot. "[B]ecause no legal remedies are available to plaintiffs a verdict in their favor would do little more than provide them with emotional satisfaction. Such satisfaction is not an appropriate remedy under these circumstances." Id. at 773-74, quoting Lankford v. City of Hobart, 73 F.3d 283, 288 (10th Cir. 1996) and citing other cases.

In the case before me, Plaintiff is not entitled to back pay or front pay, nor is she entitled to

reinstatement. Her SSA classification as disabled and unable to work estops her from making such claims. Her prayer for "vindication" is therefore moot. The motion for summary judgment on the basis of estoppel is GRANTED.

**DISCRETIONARY DISCHARGE**

In a one-paragraph argument, Defendant points out that, under Illinois law, a school board's authority to dismiss a non-tenured teacher is discretionary and requires no showing of good cause. Niles T'ship High Sch. Dist. 219 v. Illinois Educ. Labor, 883 N.E.2d 29,34 (Ill.App.2007), relying on 105 ILCS 5/10-22.4 (West 2004).

This discretion, however, is bounded by federal laws that prohibit discrimination. A proper statement of the law would be that that law gives school boards the authority to dismiss a non-tenured teacher for any reason or no reason at all, unless that reason is discriminatory. Standing alone, this statute does not provide a basis for entry of summary judgment.

**NO DISCRIMINATION OR PRETEXT**

At the summary judgment state, a plaintiff can "avert summary judgment in one of two ways:" either by use of the direct method of proof or by use of the indirect method of proof. Mills v. Health Care Svc. Corp., 171 F.3d 450, 454 (7th Cir. 1999). The direct method requires some sort of smoking gun that inevitably points to discrimination. Isbell v. Allstate Inc., 418 F.3d 788, 794 (7th Cir. 2005). There is no such "smoking gun" in this case.

The indirect method involves the shifting burden commonly utilized in civil rights cases. At the summary judgment stage, the plaintiff must first establish a *prima facie* case of discrimination. To do so, there must be some evidence that (1) plaintiff is a member of a protected class; (2) she reasonably performed her job to the employer's expectations; (3) she was subject to an adverse employment action; and (4) other similarly situated employees substantially younger were treated

more favorably. Radue v. Kimberly Clark Corp., 219 F.3d 612, 617 (7th Cir. 2000). If this showing is met, then the burden shifts to the defendant to show a legitimate, non-discriminatory reason for the adverse action. Plaintiff must then show that this reason was not the true reason but was instead a pretext for discrimination, "a dishonest explanation, a lie rather than an oddity or an error." Herron v. DaimlerChrysler Corp., 388 F.3d 293, 299 (7th Cir. 2004).

Plaintiff has failed to meet her burden of establishing a *prima facie* case of discrimination. First, the evidence is undisputed that the School District was dissatisfied with her performance as a teacher. Her failure to provide lesson plans for substitute teachers and her excessive absences were both considered significant issues, significant enough to have led to memos and meetings. The Principle/Superintendent's observation of her interactions with students in and out of the classroom also led to criticism about her lack of professionalism. The fact that Plaintiff was a certified teacher does not negate those concerns. Her certification meant that she was qualified for the job; it says nothing about the quality of her performance.

In addition, she implicitly asserts that 2 of the younger, non-tenured teachers were "similarly situated employees" who were treated more favorably. But they were not similarly situated. Neither of them were absent nearly as often as she was, and neither of them received "unsatisfactory" performance evaluations. Plaintiff has pointed to no similarly situated employees with whom she might be compared.

For these two reasons, I find that Plaintiff has failed to sustain her burden of establishing a *prima facie* case. Even if she had, however, she has failed to establish that the Defendant's explanation for her discharge was not legitimate or that it was simply a pretext for discrimination.

The stated reasons - lack of professionalism, unsatisfactory evaluation, and excessive

11

absences - are without question legitimate reasons. The fact that Plaintiff disagrees with the characterization of her performance is immaterial. The Court does not sit as a "super personnel department" and it is not concerned with the correctness of the Defendant's employment decision. Grube v. Lau Industries, Inc., 257 F.3d 723, 730 (7th Cir. 2001). The Court is only concerned with whether the decision was dishonest and motivated by a discriminatory purpose. Nothing that Plaintiff has tendered calls into question the honesty of the given reasons or points to any discriminatory purpose or age-related bias.

## CONCLUSION

As explained herein, the Defendant's motion for summary judgment is GRANTED. The Clerk is directed to enter judgment in favor of the Defendant and against the Plaintiff.

All dates are vacated. This case is closed, parties to bear their own costs.

ENTERED ON October 20, 2011

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE